PER CURIAM.
In April 1990, United Refrigeration, Inc. (United) filed' a three-count complaint against Evercool Air Conditioning, Inc. (Ev- *1193 ercool) and Bruce R. Burrell.[1] The complaint alleged that Burrell, the owner and president of Evercool, was a personal guarantor of a loan on which Evercool defaulted. Specifically, United contended that, because Burrell signed a credit application containing language obligating the signor to personal liability, Burrell could not limit that liability by signing only as president of the corporation. Burrell, however, claimed that he unequivocally refused to assume personal liability as evidenced by his refusal to sign in the space provided for an “individual” guarantor.[2]
After the hearing on Burrell's motion for summary judgment, the court determined that no ambiguity existed on the face of the credit application, and that Burrell had not signed the application in his individual capacity. Summary Judgment was entered in favor of Burrell. United appeals.
The credit application, as executed, was ambiguous, but there was substantial competent evidence that the parties understood that Burrell did not intend to be personally liable. United’s credit manager testified, by deposition, that United was aware at the time the credit application was executed that Burrell would not incur individual liability because he did not sign the application above the line marked “individually.”
Q. Why do you open with a small [credit] limit?
A. Because [the credit application] was not signed individually.
Q. You can see that he did not sign individually. Correct?
A. He did not.
(Emphasis added).
United argues here that it was unreasonable to find that the president of the corporate applicant for credit would sign a guarantee instrument expecting that he would assume no individual liability, and that the corporation would simply be guaranteeing payment of its own obligation. Nevertheless, there is competent evidence in support of the trial court’s finding that Burrell did not assume personal liability for the corporate debt.
Affirmed.

. Evercool subsequently went into bankruptcy and was dismissed as a party.

. Two separate lines were provided below the obligatory language of the agreement — one for the name of the guarantor, and another for the signature of the individual guarantor.
The undersigned, jointly, severally, and personally, in consideration of your extending credit to above-named applicant, do hereby agree to pay for all goods sold to applicant, and in the event of default by applicant you shall be entitled to look to us for payment ...
Name Signature
Bruce R. Burrell, President
Individually